FILED
SUPERIOR COURT
OF GUAM

2021 FEB 16 PM 3: 22

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | |
| | **CRIMINAL CASE NO.: CF0081-19** |
| vs. | **DECISION AND ORDER** |
| | Re: Restitution |
| PATRICK MUNA CASTRO, | |
| DOB: 10/01/1975 | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 12, 2021, for a Restitution Hearing. The People of Guam are represented by Assistant Attorney General Richelle Yu Canto. The Defendant, Patrick Muna Castro ("Castro"), is represented by Alternate Public Defender Peter J. Santos. Victim Advocate Cayla Earl was also present, as well as the victim Aileen Pangelinan. Having reviewed the arguments of both parties, the Court hereby issues the following Decision and Order.

### BACKGROUND

On February 18, 2019, Castro was charged with: 1) **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony)**; 2) **THEFT BY RECEIVING STOLEN PROPERTY (As a Second Degree Felony)**; 3) **POSSESSION OF A SCHEDULE II CONTROLLED**

CF0081-19, People of Guam v. Patrick Muna Castro.
Decision and Order (Re: Restitution).

Page 4 of 4

SUBSTANCE (As a Third Degree Felony); 4) **POSSESSION OF A CONCEALED WEAPON (As a Third Degree Felony)**; and 5) **POSSESSION OF AN UNREGISTERED FIREARM (As a Third Degree Felony)**. See Indictment (Feb. 18, 2019). According to the Declaration in support of the Magistrate's Complaint filed February 9, 2019, Castro, along with two others, were subject to a routine traffic stop by Guam Police Officers for traveling at a high rate of speed in a vehicle. See Magistrate's Compl. (Feb. 9, 2019). The vehicle was reported stolen by its owner, Aileen Pangelinan, a month earlier, on December 30, 2018. *Id.* The officers conducted a search of the vehicle, and located a .357 caliber revolver, a glass pipe with suspected methamphetamine residue inside, as well as a scale and straws. *Id.*

On August 11, 2020, Castro pled guilty to **THEFT BY RECEIVING STOLEN PROPERTY (As a Third Degree Felony)** *as a lesser included offense of the Second Charge of THEFT BY RECEIVING STOLEN PROPERTY (As a Second Degree Felony)* and the *Third Charge* of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)**. See Plea Agreement (Sept. 14, 2020). Pursuant to the Plea Agreement, Castro "shall be held liable for full restitution . . . pursuant to 9 GCA § 80.50(e) to [victim], in an amount to be determined at a restitution hearing." *Id.* at ¶ 8(m). The People filed their Submission of Restitution Summary on December 22, 2020. See Submission of Restitution Summary (Dec. 22, 2020). The People then filed an Amended Submission of Restitution Summary on January 5, 2021, seeking restitution in the amount of $7826.72. See Amended Submission of Restitution Summary (Jan. 5, 2021).

On February 12, 2021, the Court held a Restitution Hearing and heard testimony from the victim. The Court made its findings on the record, and found Castro liable for the amount of $7826.72. The Court now issues this Decision and Order memorializing those findings.

## DISCUSSION

Guam law provides that a person who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding:

(b) Five Thousand Dollars ($5,000.00), when the conviction is of a felony of the

third degree . . .

(e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue.

9 GCA §§ 80.50 (a) and (e).

In other words, Section 80.50 allows a judge to order up to $5,000 in restitution, for a third degree felony, without any findings, and to order a higher amount equal to the loss to the victim or gain to offender if the judge makes a finding as to that amount. See *People v. Mello*, 2008 Guam 23 ¶ 43. "Loss" is defined as "the amount of value separated from the victim." 9 GCA § 80.50(e).

Here, the People seek seven thousand eight hundred and twenty six dollars and seventy two cents ($7826.72) in restitution for the victim's losses. Therefore, pursuant to Title 9 GCA § 80.50(e), the Court must make specific finding as to those losses to justify awarding restitution in that amount. *Id.* As a preliminary matter, the Court acknowledges that Castro, through his plea agreement, agreed to be held liable for full restitution to the victim. See Plea Agreement (Sept. 14, 2020). The People however, bear the burden of proving such losses by a preponderance of the evidence. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

The People submitted an Amended Submission of Restitution Summary which included Ms. Pangelinan's supporting documents for restitution. Specifically, Ms. Pangelinan submitted a list of eighteen (18) items she claims were stolen by Castro, including sales receipts or documentation of the prices of the items on the open market. See Amended Submission of Restitution Summary (Jan. 5, 2021). The total cost of losses claimed by the People total seven thousand eight hundred and twenty six dollars and seventy two cents ($7826.72). *Id.*

Having reviewed the People's Restitution Summary Report, together with the documentation provided by the victim, the Court finds that the People have met their burden of showing loss to the victim on the items listed in their Restitution Summary.

Further, the Court finds that restitution is necessary to restore the victim's losses resulting from the Defendant's criminal actions. Thus, based on the evidence provided in the People's Supplemental Restitution Summary, and the corresponding testimony of the Victim, the Court finds that the People have met their burden, by a preponderance of the evidence, and will award restitution based on the documentation provided by the People. Accordingly, the appropriate amount of restitution is seven thousand eight hundred and twenty six dollars and seventy two cents ($7826.72).

## Conclusion

For the reasons set forth above, the Court hereby GRANTS the People's request for restitution. Thus, it is hereby ORDERED that the Defendant, Patrick Muna Castro, pay restitution to the victim, Aileen Pangelinan, in the amount of *seven thousand eight hundred twenty six dollars and seventy two cents ($7826.72)*.

**SO ORDERED** this  2/16/2021

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, APD

Date: 2/16/21  Time: 5:16pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

CF0081-19, People of Guam v. Patrick Muna Castro.
Decision and Order (Re: Restitution).

Page 4 of 4